**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maxwell Brunken, | No. CV-25-02952-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Turo Incorporated, | |
| Defendant. | |

On August 15, 2025, plaintiff Maxwell Brunken filed a "Motion for Leave to File Documents Under Seal and Ex Parte." (Doc. 1.) Brunken also lodged numerous documents, including a complaint. Although not entirely clear, Brunken appears to request this case and all its filings be placed under seal. According to Brunken, sealing is necessary because "[t]he documents contain personally identifiable information, correspondence, and booking details involving a third party who is \*\*not a party to this action\*\* but is a \*\*public figure\*\*." (Doc. 1 at 1.) Brunken believes sealing is needed to prevent that non-party from suffering "reputational harm or public exposure." (Doc. 1 at 1.)

There is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a filing is "more than tangentially related to the underlying cause of action," it may be filed under seal only if there is a compelling reason for doing so. *Id.* at 1099. Other filings may be filed under seal based on a showing of good cause. *Id.* at 1097. There must be compelling reasons to

1 file a complaint under seal. *See In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110
2 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008).

3 According to the lodged complaint this suit involves claims based on defendant
4 "Turo Inc.'s deceptive, unlawful, and bad faith business practices." (Doc. 2 at 2.) Turo
5 operates a "peer-to-peer vehicle sharing platform" (Doc. 2 at 4.) Brunken listed his car on
6 Turo's platform and his vehicle was rented by a non-party. The vehicle was damaged
7 during the rental and Brunken asserts various claims based on Turo's alleged failure to
8 reimburse him for those damages. These allegations do not involve the type of information
9 that would merit sealing the case or sealing documents in their entirety. *Cf. Kamakana v.*
10 *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("a litigant's
11 embarrassment, incrimination, or exposure to further litigation will not, without more,
12 compel the court to seal its records"). Even assuming the personal details of a non-party
13 should not be made public, those details form a tiny fraction of the documents Brunken
14 seeks to have under seal. Redaction instead of sealing is appropriate.

15 The motion to seal is denied. If Brunken wishes to pursue his claims, he must
16 resubmit the documents for filing in the public record. Local Rule 5.6(e). Brunken may
17 redact the contact information and financial information of the non-party but all other
18 aspects of Brunken's filings must be filed on the public docket.

19 **IT IS ORDERED** the Motion to Seal (Doc. 1) is **DENIED**. This order shall not be
20 sealed.

21 **IT IS FURTHER ORDERED** the Clerk of Court shall unseal the case but leave
22 Doc. 2 through Doc. 6, and Doc. 8 lodged under seal.
23 /
24 /
25 /
26 /
27 /
28 /

**IT IS FURTHER ORDERED** if plaintiff wishes to pursue this case he must file the complaint and all other documents on the public docket within **ten days** of this order. The Clerk of Court shall enter a judgment of dismissal without prejudice if plaintiff does not file a complaint by **September 5, 2025**.

Dated this 22nd day of August, 2025.

Honorable Krissa M. Lanham
United States District Judge